Rockingham, }
Nov. 5, 1907. }

### STATE v. ENGLISH & a.

The validity of a liquor license issued to a person competent to receive it and the liability of the licensee and his sureties upon the accompanying bond are not affected by the fact that the license was procured for the benefit of one to whom it could not be legally issued.

DEBT, on a bond given by English as principal and the other defendants as his sureties. Trial by the court. Transferred from the April term, 1907, of the superior court by *Wallace*, C. J.

In 1905, English obtained a license for the sale of liquor to be exercised in Gilsum, and furnished the bond now in suit. Afterward during the term of the license, upon notice and a hearing, the state board of license commissioners found he had violated the terms of his license, which they thereupon revoked. The defendants filed a plea alleging that the license was illegally issued to English, that it was in fact procured for the benefit of one Race, who was not entitled to a license under the law, and that therefore no license was issued to English and the bond is invalid. They offered to prove the facts stated in the plea, but the court excluded the evidence, and the defendants excepted. A verdict having

been found for the state, it was agreed that if the plea stated no defence there should be judgment on the verdict.

*Edwin G. Eastman,* attorney-general, for the state.

*Joseph Madden,* for the defendants.

Walker, J. The exception raises the question whether the facts alleged in the plea constitute a defence. The claim is, that though the license was in fact issued to English, a competent person to receive a license, the privilege granted was to be exercised by and for the benefit of Race, to whom a license could not be issued under the law, and that therefore no valid license was issued to either of them, and the bond never took effect. This amounts to saying, that English was the licensee for the purpose of benefiting Race, but that he was not the licensee for the purpose of indemnifying the state; that Race, in order to get the right to traffic in liquors, was obliged to employ English to take out a license in the latter's name and to furnish the required bond, but that Race was the real licensee and that English's bond was void for that reason. Such reasoning merits little or no consideration. As the license was not issued to Race, the fact that he was disabled under the statute from receiving a license would not invalidate one issued to English. The purpose or understanding of English, Race, or the commissioners, as to the person for whose benefit the license was to be exercised, would not confer any peculiar rights on English or relieve him of any of the responsibilities imposed by the statute upon licensees. Nor would it authorize the sale of liquor by Race, except as the employee of English. Sales by him in any other capacity, or in any other way than in the conduct of English's business as a licensee, would expose him to prosecution, not under the license law, but under the general prohibitory statute. *State* v. *Langdon, ante,* 50; *State* v. *Kennard, ante,* 76. Such acts on his part, if allowed by English, might be deemed to constitute a violation of his license; but the latter's purpose to permit them, entertained before he obtained his license, would not render the license void, or affect it until executed. The plea does not set forth a valid defence, and according to the terms of the case there must be,

*Judgment for the plaintiff.*

All concurred.